IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RICKKE LEON GREEN,            )
                              )
       Petitioner,            )
                              )
v.                            )   Case No. CIV-06-60-L
                              )
JOHN W. WHETSEL, Sheriff,     )
                              )
       Respondent.            )

## Report and Recommendation

Petitioner Rickke Green was convicted and sentenced on state charges. He seeks habeas relief, complaining that he should have been able to seek a new trial before he was sentenced. The petition is facially invalid, requiring summary dismissal.[1]

This Court has a "secondary and limited" role in the review of state court rulings through a petition for habeas relief.[2] On the legal issue presented, habeas relief is unavailable unless the state court's ruling had "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."[3] A decision may be "contrary to" clearly established precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme

---

[1]    *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

[2]    *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998) (citations omitted).

[3]    Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1) (2000).

Court] has on a set of materially indistinguishable facts."[4]  Application is unreasonable if the state court identifies the correct Supreme Court precedent, but unreasonably applies the law to the facts.[5]

"The Constitution itself, of course, makes no mention of new trials."[6]  Thus, the Tenth Circuit Court of Appeals has held that the denial of a new trial under Oklahoma law does not implicate a constitutionally protected "liberty" interest.[7]  This decision is fatal to the Petitioner's habeas claim.

Under Oklahoma law, a defendant must generally move for a new trial before entry of judgment.[8]  But upon a showing of good cause, the defendant can seek a new trial within 30 days after the entry of judgment.[9]

The Petitioner does not question the fact that he had ultimately obtained the right to seek a new trial.  Instead, he complains about the inability to pursue this form of relief between the conviction and the sentencing.  Mr. Green does not identify any Supreme Court precedents entitling him to pursue a new trial at this phase of the criminal proceedings.  In

---

[4]    *Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004), *cert. denied*, ___ U.S. __, 126 S. Ct. 729 (2005).

[5]    *See id.*

[6]    *Herrera v. Collins*, 506 U.S. 390, 408 (1993).

[7]    *Johnston v. Champion*, 999 F.2d 547, 1993 WL 261934, Westlaw op. at 2 (10th Cir. June 29, 1993) (unpublished op.).

[8]    *See* Okla. Stat. tit. 22 § 953 (2001).

[9]    *See id.*

the absence of such a decision, Mr. Green is unable to obtain habeas relief for the alleged postponement of his right to move for a new trial. Accordingly, the Court should summarily dismiss the habeas petition.

The Petitioner is advised of his right to object to this report and recommendation by February 15, 2006.[10] If the Petitioner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Petitioner is further advised that if he does not timely object, he would waive his right to review by the Tenth Circuit Court of Appeals.[11]

This report and recommendation terminates the referral.

Entered this 26th day of January, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge

---

[10]   *See* W.D. Okla. Local Civil Rule 72.1(a).

[11]   *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).